UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CARLOS GAINES,                        )
                                      )
        Plaintiff,                    )
                                      )
    vs.                               )        Case No. 4:12CV391 CDP
                                      )
KBR, INC.,                            )
                                      )
        Defendant.                    )

## MEMORANDUM AND ORDER

Plaintiff Carlos Gaines was employed by defendant KBR, Inc. as a fuel lab technician.  He previously filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), which the parties resolved through a settlement agreement.  Gaines then filed this suit, alleging breach of that agreement, as well as retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.  KBR seeks to compel arbitration of Gaines's breach of contract and § 1981 claims, pursuant to a clause in the settlement agreement requiring arbitration.  Based on the broad scope of the arbitration clause in the settlement agreement, I will grant KBR's motion to compel arbitration.

## Background

Gaines was employed by KBR as a fuel lab technician.  He is an African-American male, and he previously filed an employment discrimination charge against KBR with the EEOC, alleging discrimination on the basis of his race.  On

September 21, 2009, he and KBR executed a binding settlement agreement, in

which Gaines agreed to release all claims he had against KBR.  In exchange for

that release, KBR agreed, among other things, to reinstate Gaines as a fuel lab

technician, and to allow him to apply for a position as a senior fuel lab technician

and evaluate his application in good faith.  That settlement agreement contained an

arbitration provision that reads as follows:

> If one or more disputes arise with regard to the interpretation and/or
> performance of this agreement or any of its provisions, the parties
> agree and designate Ronald G. Wiesenthal as binding arbitrator of
> any dispute in the language of this Settlement Agreement or release or
> other closing documents executed in accordance with this Agreement,
> and the parties agree that the party shall pay their pro rata share of the
> arbitrator's fee at the time of the arbitration.

(Doc. #1, Exh. A).  Gaines began working again as a fuel lab technician, but in

September 2010, KBR terminated Gaines's employment on the grounds that he

failed to process certain fuel tests as "urgent," instead treating them as "routine."

Gaines filed this case on March 5, 2012.  In Count I, a breach of contract

claim, Gaines alleges that KBR breached its obligations under the parties'

settlement agreement.  In Count II, labeled "Title VII and 42 U.S.C. § 1981

Retaliation," Gaines includes allegations related to numerous incidents of

retaliation.  KBR now seeks an order compelling Gaines to arbitrate his breach of

contract and 42 U.S.C. § 1981 claims, pursuant to the arbitration provision in the

settlement agreement.  Gaines has not responded to the motion to compel

- 2 -

arbitration, and the time for doing so has passed.  Based on the broad language in the arbitration clause, I will grant the motion.

## Discussion

The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, "limits a district court's initial role in any challenge to an arbitration agreement to deciding whether 'the making of the agreement for arbitration or the failure to comply therewith' is at issue." *MedCam, Inc. v. MCNC*, 414 F.3d 972, 974 (8th Cir. 2005) (quoting 9 U.S.C. § 4).  The Eighth Circuit "has refined this inquiry to asking 1) whether the agreement for arbitration was validly made and 2) whether the arbitration agreement applies to the dispute at hand, i.e., whether the dispute *falls within the scope* of the arbitration agreement." *Id.* (emphasis in original). Because Gaines has not responded to the motion, he does not dispute the first issue:  whether the agreement for arbitration was validly made.[1]  Thus, the only question is whether the arbitration clause in the settlement agreement applies to Gaines's breach of contract and § 1981 claims.

---

[1]Even if he had challenged the validity of the agreement, Gaines admits in his complaint to executing the contract and does not express any concern as to its validity in that pleading.  In fact, the settlement agreement, which he admits personally signing, contains provisions that support the validity and voluntariness of this agreement.  Paragraph 2 states, "The parties hereto acknowledge that each has the authority to execute this document to be fully binding on behalf of the person or entity indicated."  Paragraph 8 declares, "Each signatory to this settlement has entered into same freely and without duress after having consulted with professionals of his or her choice."  (Doc. #1, Exh. A).

The FAA expresses "a congressional declaration of a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983). The district should resolve any doubts in favor of arbitration and should compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *MedCam*, 414 F.3d at 975 (internal citations and quotation marks omitted).

The Eighth Circuit has analyzed the scope of similar phrases contained in arbitration clauses, such as those covering "all disputes arising under" the agreement, *see PRM Energy Sys., Inc. v. Primenergy, L.L.C.*, 592 F.3d 830, 836-37 (8th Cir. 2010), and disputes "arising out of or relating to" the agreement, *see CD Partners, LLC v. Grizzle*, 424 F.3d 795, 800 (8th Cir. 2005). When an agreement contains broad arbitration clauses, such as these, a district court can compel arbitration "as long as the underlying factual allegations simply 'touch matters covered by' the arbitration provision." *PRM Energy*, 592 F.3d at 837. The Eighth Circuit has further explained that "[b]roadly worded arbitration clauses . . . are generally construed to cover tort suits arising from the same set of operative facts covered by a contract between the parties to the agreement." *CD Partners*, 424 F.3d at 800.

The similarly broad language used in the settlement agreement at issue in this case – which mandates arbitration "[i]f one or more disputes arise with regard to the interpretation and/or performance of [the] agreement" – should be construed as broadly as those phrases analyzed above.  There is no other limiting language present in this arbitration clause.  Therefore, if Gaines's breach of contract and § 1981 claims "arise with regard to the interpretation and/or performance" of the settlement agreement between the parties, the motion must be granted.

In Count I, Gaines raises several allegations concerning KBR's failure to comply with its obligations set forth in the settlement agreement.  Specifically, he alleges that KBR treated him in a retaliatory and hostile fashion when he returned to work, and that it failed to pay him as a senior fuel lab technician or to evaluate in good faith his efforts to become a senior fuel lab technician.  He also claims that KBR failed to deliver drafts of any further settlement documents to him as required by the agreement, and that it manufactured a false and pretextual reason for his employment termination.  Gaines also alleges that by taking these actions, KBR breached the covenant of good faith and fair dealing that attaches to all contracts in Missouri.  All of these allegations relate directly to the "performance of this agreement," such that they are covered under the arbitration clause.  In light of the national policy favoring arbitration and the broad language contained in this

settlement agreement, I conclude that Gaines's breach of contract claim must be referred to arbitration.

Gaines's employment discrimination claims alleged in Count II of his complaint are not set forth as clearly as his breach of contract claim.  He claims that he was terminated for pursuing his charge of racial discrimination with the EEOC, evidenced by a KBR manager's alleged statement that Gaines was terminated to "teach[] [him] a lesson for getting a lawyer."  He also claims that the proffered basis for his termination was pretextual because a similarly situated white employee who also failed to process certain fuel tests as "urgent" was not terminated.  Gaines also alleges that KBR retaliated against him by refusing to employ him as a senior fuel lab technician, and that it thereby also retaliated against him by failing to comply with the terms of the settlement agreement. Finally, he claims that after his termination, KBR refused to release his employment and security clearance information to another employer with whom Gaines was seeking employment. In the complaint, he does not specify whether he is raising each of these various allegations under 42 U.S.C. § 1981 or Title VII.

KBR only seeks to arbitrate those claims contained in Count II of Gaines's complaint that arise under 42 U.S.C. § 1981.  In support of that argument, KBR relies on the single allegation in Gaines's complaint that, on its face, relates directly to the settlement agreement:  "Defendant KBR, Inc. retaliated against

plaintiff in that defendant KBR, Inc. failed to make a good faith effort to comply

with the terms of the Binding Settlement Agreement and never evaluated in good

faith plaintiff's efforts to become a senior lab technician." (Compl. at ¶ 13).

However, Gaines raises several other allegations in his employment discrimination

claim, none of which relates directly to the settlement agreement.  In fact, some of

Gaines's other allegations relate to separate incidents of alleged discrimination,

unrelated to the subject matter of the settlement agreement.

As mentioned above, the complaint does not clearly explain the statutory

basis for each of Gaines's employment discrimination allegations, and KBR does

not describe precisely which aspects of Gaines's § 1981 claim it believes are

arbitrable under this settlement agreement.  Thus, to the extent that Count II

encompasses claims of employment discrimination relating directly to the

"interpretation and/or performance" of the agreement, I will refer it to arbitration.

Arbitration is not required for all other instances of alleged discrimination that are

not related to the settlement agreement.  However, I will exercise my discretionary

power to stay the remainder of the case – Gaines's remaining claims under 42

U.S.C. § 1981 and Title VII – until the conclusion of that arbitration to conserve

judicial resources and ensure consistency in the proceedings between these parties.

*See Contracting Nw., Inc. v. City of Fredericksburg, Iowa*, 713 F.2d 382, 387 (8th

Cir. 1983) (holding that a district court has "the inherent power to grant [a] stay in

- 7 -

order to control its docket, conserve judicial resources, and provide for a just

determination of the cases pending before it").

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motions to compel

arbitration [#4, 6] are GRANTED, and plaintiff must submit all of Count I and the

portions of Count II relating to compliance with the settlement agreement to

arbitration.

**IT IS FURTHER ORDERED** that this case is stayed pending completion

of the arbitration, and the parties must file a notice to the court within ten days of

the conclusion of arbitration.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2012.