IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLOS GAINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:12-cv-391-CDP |
| | ) |
| KBR, INC., | ) |
| | ) |
| Defendant. | ) |

**JOINT STATUS REPORT**

Come Now Plaintiff Carlos Gaines ("Plaintiff") and Defendant, KBR, Inc. ("KBR"), and for their Joint Status Report state as follows:

1. The attorneys for the parties have had conversations by phone. These conversations have occurred at multiple times over the last ten days. On Thursday, September 11, 2014 attorney Lee Barron for Plaintiff and attorney Anthony Grice for KBR discussed the impasse in which the parties find themselves. The conversation concluded with an "agree to disagree" but also an understanding that Mr. Barron would again discuss the issue with his client.

2. It is Plaintiff's position that KBR must issue a check payable to Plaintiff in the amount of the Arbitrator's award without any deductions or alternatively that defendant issue a payment to the plaintiff with one deduction.

3. KBR is ready and willing to fulfill its obligations under the Arbitrator's award, which awarded Plaintiff $49,000.00 in "lost wages" and $1,000.00 in emotional distress damages. However, current federal law and Internal Revenue Service ("IRS") regulations require Plaintiff to supply KBR with an executed IRS Form W-4 so that KBR can meet its legal

obligations – that require KBR to pay judgments for lost wages using an IRS Form W-2 – with respect to the damages award for lost wages.

4. Plaintiff has not provided KBR with a W-4.

5. On April 22, 2014 and April 28, 2014, KBR provided Plaintiff with references to the applicable federal case law and IRS regulations that support KBR's position.[1]  Plaintiff has not provided KBR with any authority supporting his position.

6. On September 15, 2014 Mr. Barron had a conversation with Plaintiff. Subsequent to that conversation, Mr. Barron and Mr. Grice discussed filing this status report.

7. The parties' positions remain unchanged. KBR believes that it has provided Plaintiff with sufficient authority to demonstrate that an executed IRS Form W-4 is required before KBR can issue a check to Plaintiff for lost wages and Plaintiff disagrees. Thus, the parties remain at an impasse.

8. The attorneys for the parties have discussed this issue in good faith.

9. The parties respectfully request that this Court, or an assigned magistrate judge, assist the parties in resolving the current impasse.

WHEREFORE, the parties having filed this joint status report consistent with the Court's Order, the parties respectfully request that the Court refer this matter to a magistrate judge for further assistance with bringing this matter to conclusion or for such further and additional resolution as the Court orders.

---

[1] KBR referred Plaintiff to U.S. v. Cleveland Indians Baseball Co., 532 US 200 (2001) and IRS Publication 957.

SLC-7330543-1

| | |
|---|---|
| LAW OFFICES OF LEE W. BARRON | HUSCH BLACKWELL LLP |
| By: /s/ Lee W. Barron (with consent)<br>  Lee W. Barron, #37034MO<br>  112 Front Street<br>  Alton, IL 62002<br>  Telephone: (618) 462-9160<br>  Facsimile: (618) 462-9167 | By: /s/ Anthony G. Grice<br>  Robert J. Tomaso, #39780MO<br>  Anthony G. Grice, #61929MO<br>  190 Carondelet Plaza, Suite 600<br>  St. Louis, MO 63105<br>  Telephone: (314) 480-1500<br>  Facsimile: (314) 480-1505 |
| *Attorney for Carlos Gaines* | *Attorneys for Defendant KBR, Inc.* |